**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES SECURITIES** | ) | |
| **AND EXCHANGE COMMISSION,** | ) | |
| | ) | **Case No. 08-cv-5004** |
| **Plaintiff,** | ) | |
| | ) | **Hon. George W. Lindberg** |
| **v.** | ) | |
| | ) | **Magistrate Judge Geraldine** |
| **RICK J. BOROS, a/k/a VINCENT** | ) | **Brown** |
| **KWIATKOWSKI, and NORTH** | ) | |
| **AMERICAN MINING VENTURES, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF U.S.
SECURITIES AND EXCHANGE COMMISSION'S MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff U.S. Securities and Exchange Commission ("Commission") respectfully moves this Court pursuant to Fed. R. Civ. P. 15(a) for an order permitting the Commission to file a First Amended Complaint. The First Amended Complaint will allege that after the Commission filed its Complaint on September 3, 2008, Defendant Rick J. Boros ("Boros") continued raising funds from the public through the fraudulent sale of securities. It further will allege that in October 2008 Boros fraudulently raised $1.1 million from three new victims through the sale of investment contracts in a (non-existent) high-yield investment program. Boros, however, did not invest the $1.1 million as he had represented to the investors. Instead, Boros diverted the funds he raised for his own personal benefit, thus resulting in substantial losses for the new investors.

Granting the Commission's motion to file a First Amended Complaint which includes Boros's misconduct that took place after September 3, 2008, and thus could not have been included in the original pleading, will serve the public interest by allowing all

of Boros's violations to be dealt with in one action.  It also will not prejudice the

Defendants, who have been on notice that the Commission was concerned about the

source of their alleged funds since October 6, 2008.

For these reasons, the Commission respectfully requests that the Court grant it

leave to file its First Amended Complaint.

## BACKGROUND

On September 3, 2008, the Commission filed its Complaint against Boros and

North American Mining Ventures, Inc., a corporation which Boros incorporated and

controlled.  (Complaint, Docket # 1.)  The Complaint alleged that Boros, under his alias,

violated the antifraud provisions of the Securities Act of 1933 ("Securities Act") and the

Securities Exchange Act of 1934 ("Exchange Act") through a fraudulent offering scheme

that took place from May 2005 to June 2007 involving the sale of unregistered securities

and the subsequent misappropriation of investor assets.  (*Id.* at ¶¶ 1, 6, 14-48.)  The

offering in question raised at least $1.2 million from 17 investors, a number of whom

were elderly and/or retired.  (*Id.* at ¶¶ 3, 33.)  Boros represented that the offering

provided an opportunity to invest in "low-risk" gold and silver mines in Durango,

Mexico.  (*Id.* at ¶ 23.)  Boros promised investors they could obtain returns up to 15 times

their initial investment within five years.  (*Id.*)

The Complaint alleged that Defendant Boros misappropriated virtually all of the

investors' funds for himself and his personal expenses.  (*Id.* at ¶ ¶ 4, 33-38.)  For

example, he transferred nearly $500,000 to accounts in his own name or to pay his own

personal credit card debt.  (*Id.* at ¶35.)  He also used investor funds to pay for cars,

household expenses, and his daughter's college tuition, as well as clothing and lingerie,

salon services and visits to spas for his wife and secretary.  (*Id.* at ¶ 37.)  Although Boros continually assured investors that their funds would be returned to them, he repeatedly refused to do so and offered them nothing but excuses.  (*Id.* at ¶¶ 39-48.)

After the Complaint was filed, Boros's attorney communicated to Commission staff that Boros wished to repay the North American Mining Investors whose funds he had misappropriated.  (Exh. A, 12/29/08 letter from defense counsel.)  During the investigation preceding the filing of its Complaint, the Commission had determined that Boros essentially had no funds with which to repay investors.  The Commission accordingly wanted to verify that investors actually would be repaid and with legally obtained funds.  (Exh. B, 1/5/09 letter from SEC staff to defense counsel.)  Indeed, the Commission had notified the Defendants and this Court of its concerns about these issues as early as October 6, 2008.  (Commission's Motion for Leave to Conduct Discovery, Docket # 13.)

Boros, however, refused to cooperate with the Commission.  He filed an Answer asserting his Fifth Amendment privilege against self-incrimination.  (Boros Answer to Complaint, Docket # 19.)  Thereafter, he repeatedly failed to respond to document requests from the Commission.  (Motion by Commission to Compel Defendant to Comply Fully with Document Requests, Docket # 44.)  Moreover, Boros's attorney advised the Commission that although Boros was the only person with the requisite knowledge to sit for a 30(b)(6) discovery deposition, Boros would not answer any questions.  (Exh. C, 1/27/09 defense counsel email to SEC staff.)

Boros also refused to comply with this Court's Order requiring that he provide the Commission staff with a log of any documents that he believed to be privileged.  (Court

Order granting in part and denying in part the Commission's motion to fully respond to its document production request, Docket #48; Exh. D, 2/18/09 SEC staff email to defense counsel.)

In February 2009 the Commission learned of allegations by three new investors that, after the Commission filed its Complaint in this matter, Boros conducted a second securities offering in which he again misrepresented the use, control and safety of investors' funds.  The Commission learned that in September and October 2008 Boros solicited three investors and raised $1.1 million through the offer and sale of investment contracts in a purported high yield Private Trading Investment Program.  Boros promised the three investors that their money would be returned to them eleven-fold within 30 days and that continuing profits would be used to fund a charity in Virginia.  In fact, Boros did not purchase the medium-term notes he had represented he would buy with the investors' money.  He again misappropriated the investor funds for his own personal benefit.

In February 2009, the prosecutors in Boros's ongoing criminal case, recognizing the continuing threat Boros posed to the investing public, sought to revoke his release order based in part on his misconduct in this matter.  (United States v. Calow, No. 06-cr-772-3 (N.D. Ill. Oct. 19, 2006) (Docket # 311)  Rather than attending the hearing as required by law, however, Boros fled the state and became a fugitive until he was eventually arrested and sent to jail.

This Court subsequently granted the Commission's request for ninety days in which to pursue discovery about Boros's second fraudulent securities offering (Transcript of Proceedings held on 3/3/09 before the Honorable George W. Lindberg, Docket # 64.)

It is this discovery upon which the Commission's Proposed First Amended Complaint, which includes the allegations of Boros's new wrongdoing, is based.

## <u>ARGUMENT</u>

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires."  Fed.R.Civ.P. 15(a); <u>Wallace v. City of Chi.</u>, 472 F. Supp. 2d 942, 946 (N.D. Ill. 2004); <u>Graham v. Gendex Medical X-Ray, Inc.</u>, 176 F.R.D. 288 (N.D. Ill. 1997).  Courts look at whether the material was omitted from the original pleading because of reasons such as undue delay, bad faith or dilatory motive, <u>Guise v. BWM Mortg., LLC</u>, 377 F.3d 795, 801 (7th Cir. 2004) (*citing* <u>Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.</u>, 347 F.3d 652, 655 (7th Cir.2003)), and whether one of the parties will suffer sufficient injustice or prejudice to determine the decision.  <u>Ash v. Theros Int'l Gaming, Inc.</u>, No. 99 C 5140, 2001 WL 869621 at *3 (N.D. Ill. Aug. 1, 2001)   In the absence of such factors, then "the leave sought should, as the rules require, be freely given."  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

Balancing the pertinent factors clearly favors granting the Commission's motion for leave to file an amended complaint here.  First, this case does not involve any bad faith, undue delay or dilatory motive on the part of the Commission.  To the contrary, the Commission could not have included the allegations of Boros' second fraudulent offering in its original Complaint because they had not yet occurred.  Second, allowing the Commission to file an Amended Complaint to include Boros's new misconduct will serve the interests of justice because Boros's actions with respect to all of the investors he has defrauded can be adjudicated in one proceeding.  This will promote judicial economy,

serve the public interest and provide a greater opportunity for deterrence by allowing for full disgorgement and potentially larger civil penalties.

In addition, Boros will not sustain undue prejudice or injustice if the Commission's motion is granted.  Indeed, Boros has been on notice of the Commission's concern about ongoing fraud since at least October 6, 2008.  On that date, the Commission filed a Motion for Leave to Begin Discovery on the grounds that the public interest necessitated a prompt determination as to whether "the Defendants [were] still actively soliciting investors for fraudulent schemes."  (Motion for Leave to Begin Discovery, Docket # 13 at 4.)  The Court granted this Motion on November 5, 2008.  (Docket # 17.)

Moreover, Boros refused to cooperate with the Commission throughout this litigation, even refusing to comply with this Court's Orders.  The Commission attempted to communicate with Boros through his attorney throughout the discovery process to facilitate compliance with the rules, but these efforts were continually ignored.  (Exhs. B, C, D.)  Boros's failure to meaningfully participate in the discovery process, including ultimately fleeing the jurisdiction until his arrest, has made it extremely difficult for the Commission to gather evidence and present its best case in a timely fashion.

Most significantly, however, Boros's conduct was so outrageous, conducting a second fraudulent offering to the public while being sued by the Commission, that the Commission's interest in protecting the investing public and holding violators of the federal securities laws accountable for their actions greatly outweighs any prejudice that even potentially might arise to Boros.

For the convenience of the Court, attached as Exhibits E and F are the Commission's proposed First Amended Complaint and a red-lined version of the original Complaint.  If the Court grants the instant motion, the Commission requests that the First Amended Complaint be deemed filed as of the date the Order granting this motion is entered.

### CONCLUSION

For the foregoing reasons, the Commission respectfully requests the Court to grant its Motion for Leave to File Its First Amended Complaint.

Respectfully submitted,

s/ Sally Hewitt_____
Sally Hewitt
John E. Birkenheier
Attorneys for Plaintiff
U.S. Securities and Exchange
Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
Telephone: (312) 353-7390
August 5, 2009                                    Facsimile: (312) 353-7398